**UNITED STATES of America,**
**Appellee,**

v.

**Salvador M. DeNOBREGA, aka Manuel DeNobrega, aka Manuel Nobrega, aka Manual Nobrega, aka Sal Nobrega, aka Sal Rodrega, Defendant–Appellant.**

**Docket No. 01–1546.**

United States Court of Appeals, Second Circuit.

June 21, 2002.

Thomas J. Sherrer, Esq., Thomas J. Sherrer, P.C., Burlington, VT, for Defendant–Appellant.

William B. Darrow, Assistant United States Attorney, District of Vermont, Burlington, VT, for Appellee.

Present OAKES, MESKILL and KATZMANN, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant Salvador DeNobrega appeals from judgment of conviction entered on September 28, 2001 in the United States District Court for the District of Vermont (Sessions, *J.*). At issue here is defendant's sentence resulting from his guilty plea to charges of bank fraud, interstate transportation of forged securities, and interstate transportation of a stolen vehicle. Specifically, defendant objects to the district court's application of the two-level "vulnerable victim" enhancement under the Sentencing Guidelines, *see* U.S.S.G. § 3A1.1, and the district court's refusal to grant a downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. For the following reasons, we find defendant's arguments unavailing.

Under the Guidelines, a defendant's sentence may be enhanced by two levels if the defendant "knew or should have known" that the victim is one who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1, cmt. n. 2. We review a district court's finding that a victim is

"particularly susceptible" for clear error. *See United States v. Patasnik,* 89 F.3d 63, 72 (2d Cir.1996). We may only reverse if we are left with "the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). In the case at hand, there is no reason to believe that the district court committed clear error. The primary victim here, Janice Griffin, is a middle-aged woman in rural northern New York, who, at the time she met defendant, was struggling to make enough money to pay for her health insurance and medication for diabetes. Ms. Griffin placed a personal ad in a Vermont newspaper seeking a "master/slave" relationship with a man. The record discloses that defendant answered this ad and exploited Griffin's desire for a submissive/dominant relationship by persuading her to invest in several fictitious business ventures. Griffin turned over to defendant $9,000 of her retirement savings and approximately $18,000 in cash and cash advances on her credit cards. These transfers, made at defendant's suggestion and with his assurance of profit, occurred *after* Griffin had lost her job in March, 2000 (a fact she disclosed to defendant). As a result of defendant's exploitation, Griffin lost her savings and was forced to declare bankruptcy. The totality of the circumstances of this case clearly support the district court's determination that Griffin was "particularly vulnerable" to defendant's criminal conduct. *See, e.g., United States v. Borst,* 62 F.3d 43, 47 (2d Cir.1995) (holding that a vulnerable victim enhancement is "particularly appropriate when … the success of the defendant's criminal scheme depended on the victim's financial desperation").

As for the issue of acceptance of responsibility, "[b]ecause the sentencing court is in a unique position to evaluate a defendant's acceptance of responsibility, its determination is entitled to great deference on review and will not be disturbed unless it is without foundation." *United States v. Defeo,* 36 F.3d 272, 277 (2d Cir.1994) (internal quotations and citations omitted). In this case, defendant wrote Ms. Griffin and her relatives numerous letters, both before and after he entered his guilty plea, in which he disclaimed any intent to defraud Ms. Griffin and suggested that others were responsible for the loss of her money. *See, e.g.,* Letter from Sal Denobrega to Janice Griffin of June 14, 2001, at 1–2 (stating "*I was not out to defraud you*" and claiming Merchants Bank was at fault) (emphasis in original). These letters belie defendant's assurance to the district court that he fully accepted responsibility for his offenses; standing alone, such statements provide sufficient foundation for the district court's denial of the acceptance of responsibility credit.

We have considered all of the defendant's remaining arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.